IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JACK LEMKIN,

        Plaintiff,

  vs.                                    Civil Action 2:08-CV-789
                                            Judge Watson
                                            Magistrate Judge King

BELL'S PRECISION GRINDING,

        Defendant.


**OPINION AND ORDER**

Plaintiff, who is proceeding without the assistance of counsel, seeks recovery for the alleged infringement of plaintiff's patent for mold locks. Plaintiff also seeks a permanent injunction against defendant to prevent further infringements of plaintiff's patent. Defendant denies infringing the patent and asserts that it has not sold or distributed mold locks through any entity in Ohio. This matter is before the Court on plaintiff's *Motion to Require Expedited Responses to Discovery*, Doc. No. 17 ("*Plaintiff's Motion*").[1]

This action was filed on August 15, 2008. *Complaint*, Doc. No. 2. The parties have not yet met and conferred pursuant to Fed. R. Civ. P. 26(f). Defendant has moved to dismiss this action for lack of personal jurisdiction and for improper venue. Doc. No. 21.

Plaintiff argues that the Federal Rules of Civil Procedure authorize expedited discovery upon good cause shown. *Plaintiff's*

---

[1] Plaintiff styles his motion as one seeking "expedited responses" to his discovery requests. However, construing *Plaintiff's Motion* liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court interprets plaintiff's request as a motion for leave to conduct expedited discovery in this case.

*Motion*, p. 2. Plaintiff contends that "[a] party's need for timely information constitutes good cause." *Id*. Plaintiff argues that the Court should permit expedited discovery in this case because "'[i]t is [in] the best interest of all parties to have this case resolved as soon as possible.'" *Id*. (quoting *Optic-Elec. Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987)). Plaintiff argues that the discovery "is directly related to defendant's motion for a change of venue." *Id*.

Defendant opposes *Plaintiff's Motion*, arguing that plaintiff has failed to establish good cause; specifically, that he has failed to show that his overbroad discovery requests are related to the issues of venue and personal jurisdiction. *Defendant's Response to Plaintiff's Motion to Require Expedited Responses to Discovery (Doc. # 17)*, pp. 1-2, Doc. No. 19 ("*Memo. Contra*"). Defendant also contends that plaintiff has not established that the information requested is in danger of being lost. *Id*. at 5. Defendant further argues that responding to plaintiff's requests would constitute a substantial burden. *Id*. at 6. Finally, defendant contends that plaintiff will not be "unduly harmed" by denial of his motion. *Id*.

Rule 26 of the Federal Rules of Civil Procedure governs discovery. Rule 26(d) provides as follows:

> (1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> (2) *Sequence.* Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>     (A) methods of discovery may be used in any sequence; and

>     (B) discovery by one party does not require any other
>     party to delay its discovery.

Rule 26(d) therefore permits the district court to order expedited discovery. *See*, *e.g.*, *Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Although there is no binding authority on point, unpublished decisions from this and other district courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery. *See*, *e.g.*, *Giltnane v. Tennessee Valley Auth.*, No. 3:09-cv-14, 2009 U.S. Dist. LEXIS 6734 (E.D. Tenn. Jan. 30, 2009); *Arista Records, LLC v. Does 1-4*, No. 1:07-cv-1115, 2007 U.S. Dist. LEXIS 85652 (W.D. Mich. Nov. 20, 2007); *Whitfield v. Hochfield*, No. C-1-02-218, 2002 U.S. Dist. LEXIS 12661 (S.D. Ohio July 2, 2002). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 419. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *See*, *e.g.*, *id.*; *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 419; *Warner Bros, Records, Inc. v. Does 1-4*, No. 2:07-cv-0424 TC, 2007 U.S. Dist. LEXIS 48829, at *2-3 (D. Utah July 5, 2007). The scope of the discovery request is also relevant to whether or not good cause exists. *See*, *e.g.*, *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 420.

Finally, the trial court retains broad discretion in establishing the timing of discovery. Fed. R. Civ. P. 26(d)(2).

For the reasons that follow, the Court concludes that plaintiff has established good cause for expedited discovery limited to the narrow issue of personal jurisdiction. First, plaintiff asserts a patent infringement claim. *Complaint*. This type of claim generally supports a finding of good cause. *See*, *e.g.*, *Semitool, Inc.*, 208 F.R.D. at 276; *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 419.

Second, defendant has moved to dismiss this action based, in part, on an alleged lack of personal jurisdiction. Doc. No. 21. Other courts have concluded that good cause exists in cases involving challenges to personal jurisdiction. *See*, *e.g.*, *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. Nov. 3, 2004) ("Expedited discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction."); *Moldflow Corp. v. Simcon, Inc.*, 296 F. Supp. 2d 34, 37 (D. Mass. Dec. 22, 2003) (noting that prior order permitted expedited discovery on narrow issue of personal jurisdiction); *Second Amendment Found. v. United States Conf. of Mayors*, 274 F.3d 521, 525 (D. D.C. Dec. 21, 2001) ("Certainly, '[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery[.]'") (quoting *El-Fadl v. Central Bank of Jordan*, 316 U.S. App. D.C. 86, 75 F.3d 668, 676 (D.C. Cir. 1996)). Here, defendant has attached and relied upon an affidavit related to defendant's contacts in Ohio. Doc. No. 21. In responding to this motion to dismiss, plaintiff argues that defendant has sold its products in Ohio and that discovery would establish the extent of

defendant's contacts. Doc. No. 22. In his requests, plaintiff asks for information regarding, *inter alia*, customers and purchase orders. Exhibit, attached to *Plaintiff's Motion*. This information may contain information relevant to defendant's pending motion to dismiss for lack of personal jurisdiction. Based on the present record, it appears that deferring discovery on the narrow issue of personal jurisdiction would work to plaintiff's prejudice.

Third, defendant's contention that plaintiff's requests are overbroad may be properly addressed by limiting discovery to the narrow issue of personal jurisdiction. For example, plaintiff seeks, *inter alia*, detailed information regarding drawings and blue prints as well as documents and witnesses to be produced at trial. Exhibit, attached to *Plaintiff's Motion*. It is unclear to the Court why this type of information is necessary at this time to resolve defendant's pending motion to dismiss. Accordingly, as presently formulated, many of plaintiff's discovery requests are overbroad and irrelevant to plaintiff's defense of the pending motion to dismiss. However, as discussed *supra*, the plaintiff may propose more narrowly tailored requests seeking information directly related to defendant's contact with Ohio, if any. Such requests would be relevant to plaintiff's defense of the pending motion and the issue of personal jurisdiction.

Fourth, defendant represents that the information requested by plaintiff does not exist or that its production would place a substantial burden on defendant. *Memo. Contra*. This argument is unpersuasive. If the requested information does not exist, it would not be burdensome for defendant to so indicate in its response to plaintiff's discovery request. In addition, there is no evidence that

more narrowly tailored requests directed at the issue of personal jurisdiction would impose a substantial burden on defendant. Accordingly, based on the record before it, this Court concludes that the value of discovery specifically related to the issue of personal jurisdiction outweighs the alleged burden imposed on defendant.

Finally, the defendant correctly observes that there is currently no protective order in place. *Memo. Contra*, p. 4. However, the parties remain free to consider terms of a protective order to address defendant's concerns.

**WHEREUPON**, plaintiff's *Motion to Require Expedited Responses to Discovery*, Doc. No. 17, as presently formulated, is **DENIED without prejudice** to the right to conduct discovery narrowly tailored to the factual issues presented in defendant's pending motion to dismiss.


June 1, 2009                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge