IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACK LEMKIN,

      Plaintiff,

  vs.                                           Civil Action 2:08-CV-789
                                                  Judge Watson
                                                  Magistrate Judge King

BELL'S PRECISION GRINDING,

      Defendant.

## OPINION AND ORDER

      Plaintiff, who is proceeding without the assistance of counsel, seeks recovery for the alleged infringement of plaintiff's patent for mold blocks. Plaintiff also seeks a permanent injunction against defendant to prevent further infringement of plaintiff's patent. Defendant denies infringement and asserts that it has not sold or distributed mold blocks through any entity in Ohio. This matter is now before the Court on plaintiff's motion to compel, Doc. No. 27.

      Defendant has filed a motion to dismiss the action for lack of personal jurisdiction and improper venue. Doc. No. 21. Plaintiff sought extensive discovery in order to enable him to respond to that motion. On June 2, 2009, the Court authorized expedited "more narrowly tailored requests seeking information directly related to defendant's contacts in Ohio, if any." *Opinion and Order,* Doc. No. 25, p.5. The Court directed that all such discovery be completed no later than August 31, 2009. Plaintiff was thereafter granted twenty days from that date to supplement his response to defendant's motion to dismiss. *Order,* Doc. No. 26. On August 31, 2009, *i.e.,* the date the expedited discovery was to have closed, plaintiff filed his motion to compel discovery. Doc. No. 27.

      Plaintiff asked that defendant produce

> [c]opies of invoices for each of the Defendants for the years 2003-2009 for any goods and services sent to Ohio[;]
>
> [c]opies of Invoices for each of the Defendants for the years 2003-2009 for any goods and services to companies in Ohio[; and
>
> c]opies of any correspondence quotations or correspondence prepared by each of the Defendants for the years 2003-2009, sent via fax, e-mail or mail to any addresses in Ohio.

*Exhibit 2,* attached to *Motion to Compel*. In response, defendant initially produced three documents. *Exhibit 3*, attached to *Motion to Compel*. The first of those documents clearly referred to a shipment of ejector blades and not mold blocks. *Id.* Thereafter, defendant supplemented its response by producing a packet, recently located by defendant, of information that "may have been sent to Ohio only when an interest was expressed in Defendants' products." *Exhibit 6,* attached to *Motion to Compel.* On October 5, 2009, and in an effort to address plaintiff's concerns, defendant also produced to plaintiff records of faxes sent by defendants to Ohio (from which references to faxes sent to other states had been redacted). *Affidavit of James H. Gordon,* ¶5, *Exhibit E,* attached to *Defendants' Response to Motion to Compel. See also Exhibit F,* attached to *Defendants' Response to Motion to Compel.*

In his motion to compel, plaintiff asks that defendant be ordered to produce copies of "any Quotations or correspondence prepared by each of the defendants for the year 2003 through 2009 sent via fax, e-mail or mail to any address in Ohio, specifying the dates and recipients and summariz[ing] the number of contacts for each year." *Motion to Compel*, p.4. Plaintiff also asks that defendants be compelled to produce "copies of telephone records for each of the defendants for

the years 2003 through 2009," *id.,* p.5, a request that is apparently not limited to contacts with Ohio. Finally, plaintiff asks that defendant be required to produce "copies of all shipping records for all goods shipped between 2003 and 2009." *Id.* Recognizing that the requests made in his *Motion to Compel* include services and goods shipped to states other than Ohio, plaintiff argues that "Defendants['] actions have been so devious that a more rigorous review of the records is justified." *Id.,* p.5.

This Court agrees that the defendant has properly responded to the "narrowly tailored requests seeking information directly related to defendants' contact with Ohio, if any." *Opinion and Order*, p. 5. The fact that defendant has few documents responsive to those requests does not justify the extensive, and unquestionably burdensome, discovery now sought by the plaintiff.

Accordingly, plaintiff's *Motion to Compel*, Doc. No. 27, is **DENIED.** Consistent with the *Order* of this Court, see Doc. No. 26, plaintiff may have until February 17, 2010, to supplement his response to the motion to dismiss.

**There will be no extension of this date.**


January 28, 2010                             *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge